### William W. Paisley and Charles H. Walker, trading as Paisley & Walker, Defendants in Error, v. C. N. Michels, Plaintiff in Error.

### Gen. No. 21,687.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916. Rehearing denied April 10, 1916.

### Statement of the Case.

Action by William W. Paisley and Charles H. Walker, trading as Paisley & Walker, plaintiffs, against C. N. Michels, defendant, on a judgment note. From a judgment by confession in favor of plaintiffs for $425, defendant brings error.

Defendant entered his motion to stay execution and permit him to plead and defend. This motion was supported by affidavit. After hearing the motion the court denied it. Defendant contended that his motion should have been allowed because the affidavit showed a good and meritorious defense to the action on the note.

The matter set up as a defense was that plaintiffs, while acting as agents of defendant, falsely and fraudulently made certain representations, and that defendant, being in ignorance of the facts and relying upon

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the statements of the plaintiffs, was thereby induced to trade a piece of real estate for a note secured by trust deed upon other real estate, and some stock in a store. It was said, first, that it was misrepresented that $2,000 had been paid upon a $12,000 incumbrance, which was a prior lien upon the real estate covered by the trust deed securing a $6,000 note which defendant alleged he was induced to accept, and that certain interest instalments had been paid upon this prior incumbrance. Another representation said to be fraudulent was that the stock in the store had a market value in excess of $125 per share, ''whereas in truth and in fact  *  *  *  said shares of stock had no market value, but their value, if any, was entirely speculative and uncertain.'' Defendant did not allege that the stock was not worth $125 per share, nor that it could not be sold for that amount. It was also alleged that there was a false representation that the $6,000 note and the trust deed securing it were ''in legal form,'' whereas the note was not correctly described in the trust deed in that the note was made payable ''November 1st after date,'' and the trust deed recited that it was ''payable November 1, 1918, after date.''

F. C. ELLIS and JESSE WILCOX, for plaintiff in error.

P. H. BISHOP, for defendants in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 82*—*when affidavit supporting motion to open judgment by confession insufficient.* A motion to open a judgment entered by confession and to permit the defendant to plead should not be granted unless it satisfactorily appears to the court by affidavit that defendant has a good defense upon the merits, such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

affidavit to be construed most strongly against such defendant, and it is not sufficient to state facts from which, if proved on a trial, a defense might be inferred.

2.  JUDGMENT, § 82*—*when allegation in affidavit supporting motion to open judgment by confession on note insufficient.* Where in an affidavit supporting a motion to open judgment by confession on a note, to stay execution and permit defendant to plead, defendant sets up that plaintiffs while acting as his agents falsely and fraudulently represented that $2,000 had been paid on a prior lien of $12,000 on real estate whereby he was induced to trade real estate belonging to him for a note secured by such other real estate, *held* that the value of the real estate not appearing, it made no difference with regard to the value of the note received by plaintiffs as to whether the first incumbrance was $10,000 or $12,000, or as to the amount of interest unpaid, and the affidavit was consequently insufficient.

3.  JUDGMENT, § 82*—*when allegation in affidavit supporting motion to open up judgment by confession on note insufficient as statement of defense.* Where it was alleged, in an affidavit filed in support of defendant's motion to open up a judgment on a note by confession, that stock traded to defendant by plaintiffs was fraudulently represented as having a market value in excess of $125, whereas, it had no market value, but its value, if it had any, was speculative and uncertain, it not being alleged that it was worth less than $125, *held* such allegation was insufficient as a statement of defense.

4.  JUDGMENT, § 82*—*when allegations in affidavit supporting motion to open up judgment by confession on note insufficient.* Where a note is made payable "November 1st after date" and the trust deed securing its payment recites that it is "payable November 1, 1918, after date," such discrepancy is at most a clerical error and does not impair the value of the note, and allegations that it was fraudulently represented that the note and trust deed were in due form and that defendant is informed and believes that the note and trust deed might not be acceptable as security or collateral, are unavailing in an affidavit supporting a motion to open up a judgment against defendant by confession on such note.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.